IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ ) |
| v. | ) ) **COMPLAINT** |
| BENEDICTINE HEALTH CENTER AT INNSBRUCK, | ) ) ) |
| Defendant. | ) **Jury Trial Demand** ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices.  The United States Equal Employment Opportunity Commission ("EEOC") ("Commission") alleges that Benedictine Health Center at Innsbruck ("Benedictine") terminated the employment of Brenda Settlemire ("Settlemire") because of her disability rather than accommodating her by extending her medical leave or allowing her to return to work with medical restrictions, and, like and related, the EEOC alleges that Benedictine discriminated against a class of qualified individuals with disabilities (including but not limited to Settlemire) by maintaining a policy prohibiting employees from working with medical restrictions unless the employee's underlying impairment or injury was work related, all in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

1

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## PARTIES

2. Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADA, and is expressly authorized to bring this action by Section 706 of Title VII, 42 U.S.C. §§2000e-5, which is incorporated by reference in Section 107 of the Americans with Disabilities Act (ADA), 42 U.S.C. §12117.

3. At all relevant times, Defendant Benedictine has been a Minnesota corporation doing business in the State of Minnesota and has continuously had at least fifteen employees.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

## STATEMENT OF CLAIMS

5. More than thirty days prior to the institution of this lawsuit, Settlemire filed a charge with the EEOC alleging violations of the ADA by Benedictine Health Center at Innsbruck. All conditions precedent to this suit have been fulfilled.

6. Benedictine has engaged in unlawful practices at its Minnesota facility, in violation of Sections 102(a) and 102(b)(5), 42 U.S.C. §§12112(a) and (b)(5), of the ADA.

7. Settlemire has an impairment, lumbar disc herniation and degenerative disc disease, which substantially limits her in the major life activity of lifting. Settlemire was a qualified individual with a disability within the meaning of Title I of the ADA.

8. On or about September 2007, Settlemire was terminated from her employment as a Licensed Practical Nurse (LPN) at Benedictine's Minnesota facility when she sought an extension of medical leave. Benedictine purportedly believed that Settlemire had failed to properly request an extension of leave, and would not allow her to return to work with restrictions. Benedictine failed to engage in an interactive process to consider whether any reasonable accommodations were necessary or were available to enable Settlemire to perform the essential functions of her position, but instead, terminated Settlemire's employment because of her disability, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A).

9. Since at least 2007 and continuing until 2010, Benedictine maintained a policy of requiring employees to be free of medical restrictions before permitting them to return to work from medical leaves of absence unless the injury was work related. Instead of providing reasonable accommodations for employees with injuries that are not work related, Benedictine provided for termination of their employment, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A).

10. The effect of the practices complained of in paragraph 8 and 9 above has been to deprive Settlemire and a class of qualified individuals with disabilities of equal

3

employment opportunities and otherwise adversely affected their status as employees because of their disabilities.

11.     The unlawful employment practices complained of in paragraph 8 and 9 were intentional.

12.     The unlawful employment practices complained of in paragraph 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Settlemire and a class of qualified individuals with disabilities.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Benedictine, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating persons because of their disabilities, or failing to engage persons with disabilities in the interactive process to identify reasonable accommodations, or failing to provide persons with reasonable accommodations, and/or engaging in any other employment practice which discriminates on the basis of disability.

B.      Order Defendant Benedictine to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Benedictine to make whole Settlemire and a class of qualified individuals with disabilities by providing appropriate backpay with prejudgment

interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Benedictine to make whole Settlemire and a class of qualified individuals with disabilities by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant Benedictine to make whole Settlemire and a class of qualified individuals with disabilities by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F.  Order Defendant Benedictine to pay punitive damages to Settlemire and a class of qualified individuals with disabilities, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

                                          Gwendolyn Young Reams
Associate General Counsel

131 M Street NE
Washington, DC  20507

 

s/John C. Hendrickson

Date:  May 18, 2012                         _____

John C. Hendrickson
Regional Attorney

s/Jean P. Kamp

Date:  May 18, 2012                         _____

Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL  60661
Telephone:  (312) 869-8116

s/Nicholas J. Pladson

Date:  May 18, 2012                         _____

Nicholas J. Pladson (#0388148)
Senior Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone: (612) 335-4047
Facsimile:  (612) 335-4044